IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SILVA FERREIRA,<br><br>　　　　*Petitioner,*<br><br>　v.<br><br>BRIAN MCSHANE, et al.,<br><br>　　　　*Respondents.* | CIVIL ACTION<br><br>NO. 25-7335 |

# ORDER

**AND NOW**, this 9th day of January 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 4), it is hereby **ORDERED** that the Petition, (Dkt. No. 1), is **GRANTED** as follows:

1.  **Ferreira is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Alan Silva Ferreira entered the United States without inspection over twenty years ago. (Pet. ¶ 2, Dkt. No. 1.) He has had no immigration contact since entering the country, (*Id.* ¶ 47), nor does he have any criminal history besides a single traffic citation, (*Id.* ¶ 50.) On December 19, 2025, ICE agents arrested Ferreira and detained him at the Philadelphia Federal Detention Center. (*Id.* ¶¶ 1, 52.) An immigration judge has not set an immigration hearing schedule for Ferreira and he remains detained to this day. (*Id.* ¶ 57.)

　　Ferreira filed a federal *habeas* petition on December 26, 2025, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. He seeks release from detention and a bond hearing. *See* (Pet. at 13–15). The Government argues that the Court lacks jurisdiction and, even if it had jurisdiction, noncitizens in this country like Ferreira are subject to mandatory detention under the INA. *See* (Gov't Resp. in Opp'n at 8–9, Dkt. No. 4). The Court disagrees on both counts.

　　First, as the Government points out, "[t]he vast majority of courts—including all the decisions in this district (more than 70 to date)—have rejected the government's position." *See* (*Id.* 8–9 & n.1 (collecting cases)). As Judge Diamond found, nearly 288 district courts have considered similar allegations as here, and 282 have rejected the Government's position. *See generally Demirel v. Fed. Detention Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). Second,

2. **On or before January 16, 2026**, McShane shall provide Ferreira with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the Immigration Judge deny bond, McShane **shall provide** Ferreira the opportunity to appeal to the Board of Immigration Appeals.

4. All claims against Pamela Jo Bondi and Kristi Noem are **DISMISSED**.[2]

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

Ferreira's detention is discretionary—not mandatory—under 8 U.S.C. § 1226(a) and not § 1225(b) for similar reasons.  *See id.*

"In these circumstances, the law is clear: The Government detained [Ferreira] pursuant to § 1226(a), which allows him to seek bond at a hearing before an [Immigration Judge]." *Id.*, at *5 (citation modified).  Given that basis, the Court need not address Ferreira's APA and due process claims.

[2]   "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  The proper respondents are the Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office (Brian McShane) and the Warden of the Philadelphia Federal Detention Center (Jamal Lawrence) because they can effectuate Ferreira's release.  *See Demirel*, 2025 WL 3218243, at *2.  But Attorney General Pam Bondi and Secretary of Homeland Security Kristi Noem are "remote supervisory official[s]," *Padilla*, 542 U.S. at 435, so the Court dismisses them as Respondents.